# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BRYANT MALCOLM CARTER, 20181512 *

Plaintiff *

v * Civil Action No. RDB-18-2169

WICOMICO COUNTY DETENTION *
  CENTER,
 *

Defendants

\*\*\*

## MEMORANDUM OPINION

On July 13, 2018, self-represented Plaintiff Bryant Malcolm Carter, who is confined at the Wicomico County Detention Center (WCDC) filed this Complaint pursuant to 42 U.S.C. §1983 and a Motion for Leave to Proceed in Form Pauperis. ECF 1, 2.[1] As Carter's financial information indicates that he is indigent, this Court will grant his Motion to Proceed in Forma Pauperis.

Carter claims that on July 7, 2018, he informed Officers Abner and Johnson that he needed his cell door opened to use the rest room and to get his toilet paper. ECF No. 1 at 3. The officers responded that the cell would be open "at the top of the hour." *Id.* Carter then explained that someone was in the shower and he therefore could not use the shower commode. Carter claims "because of there [sic] lack [sic] of negligence and the rules of the Wicomico County Detention Center," he defecated on himself and was "humiliated and embarrassed." *Id.* As redress, Carter seeks a public apology and compensation for his embarrassment and humiliation. *Id.*

---

[1] Carter does not indicate whether he is a pretrial detainee or serving a sentence of incarceration.

## DISCUSSION

Carter is proceeding under 28 U.S.C. §1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii); 28 U.S.C. §1915A(b)(1). This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants such as Carter. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Carter's Complaint is deficient in several respects and will be dismissed under this standard.

Carter brings this action pursuant to 42 U.S.C. § 1983, which 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must demonstrate a deprivation of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation was committed by a "person" acting under color of state law. 42 U.S.C. §1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). Carter, however, does not

allege facts supporting a violation of his constitutional rights or federal law. Further, the only Defendant he names, WCDC, is a prison facility, not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison are not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno,* 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Even if Carter were permitted an opportunity to name proper defendants, his claims are still deficient as he has failed to state a constitutional or federal claim. First, the Prison Litigation Reform Act states, in pertinent part, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Next, to the extent Carter may intend to raise a claim under the Eighth or Fourteenth Amendment, the protections afforded a pretrial detainee by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The inquiry with respect to the conditions alleged is whether or not those conditions amount to punishment of the pretrial detainee because due process proscribes punishment of a detainee before proper adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment and the Fourteenth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 828 (1994); *see Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). "While a convicted prisoner is entitled to protection only against 'cruel and unusual" punishment,' a pretrial detainee, not yet

found guilty of any crime, may not be subjected to punishment of any description." *Hill*, 979 F.2d at 991 *(citing City of Revere v. Massachusetts General Hospital*, 463 U.S. 238, 244 (1983). Conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To establish a claim for cruel and unusual punishment due to conditions of confinement, a plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need causing serious physical or emotional injury, and (2) that prison officials were deliberately indifferent to that need. *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 198 (1991).

To meet the first prong, a plaintiff must allege facts sufficient to show that the condition complained of caused a "sufficiently serious" deprivation of a basic human need. *Farmer*, 511 U.S. at 834. "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of " 'a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions.' " *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 634). A plaintiff bears the burden of alleging facts sufficient to show that the risk from the conditions of his confinement was so grave that it violated contemporary notions of decency and resulted in significant physical or emotional injury. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Strickler v. Waters*, 989 F.2d 1375, 1379–81 (4th Cir. 1993).

To meet the second prong, a plaintiff must allege facts sufficient to show that the defendant knew of circumstances from which an inference could be drawn that a "substantial risk

of serious harm" was posed to plaintiff's health and safety, that he drew that inference, and disregarded the risk posed. *Farmer*, 511 U.S. at 837. To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). Eighth Amendment liability " 'must involve more than ordinary lack of due care for the prisoner's interests or safety ... It is *obduracy and wantonness, not inadvertence or error in good faith*, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause....' " *Id.* at 299 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) (emphasis added in *Wilson*). "In other words, 'the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so.' " *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

Carter's claim, as stated, fails to set out a constitutional violation. This Court cannot conclude that a one-time deprivation of bathroom facilities for a short, less than one-hour period amounts to a violation of constitutional dimension. Certainly, Carter's inability to access a toilet and then soiling himself was discomforting and embarrassing, but it does not amount to cruel and unusual punishment, as evidenced by the absence of serious physical or psychological injury. Notably, Carter does not claim that he has a medically acknowledged physiological problem with incontinence or a bladder-control issue or that the officers were of such a condition. Carter's allegations at best state a claim for negligence, which is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–336 (1986).

Carter is cautioned that once three of a prisoner's civil actions have been dismissed as malicious or frivolous or for failure to state a claim, that prisoner may not file another civil action while incarcerated without paying the full filing fee up front, unless he is "under imminent

5

danger of serious physical injury." 28 U.S.C. § 1915(g). This case qualifies for a first strike under the statute.

## CONCLUSION

For these reasons, this Court will dismiss the Complaint with prejudice for failure to state a claim upon which relief may be granted pursuant to 42 U.S.C. §1915(e)(2)(B)(ii). A separate Order shall be entered with this Memorandum Opinion.

July 31, 2018
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE